# LEVIN-EPSTEIN & ASSOCIATES, P.C.

_____

420 Lexington Ave. • Suite 2525 • New York, NY 10170
T: 212.792-0046 • F: 212.561.7108 • E: Joshua@levinepstein.com

December 23, 2019

***Via Electronic Filing***
The Honorable Judge Vincent L. Briccetti
U.S. District Court
Southern District of New York
300 Quarropas St., Courtroom 630
White Plains, NY 10601-4150

Re:    *Harty v. West Point Realty, Inc.*
<br>Case No.: 19-cv-08800

Dear Honorable Judge Briccetti:

This law firm is counsel to Defendant West Point Realty, Inc. ("**West Point**" or "**Defendant**") in the above-referenced action.

Pursuant to Rules 1(B) of Your Honor's Individual Motion Practices, this letter respectfully serves as a request to permit the filing of West Point's anticipated Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## I.      Preliminary Statement

Plaintiff Owen Harty (the "**Plaintiff**") is a serial ADA litigant who resides in Florida, almost 1,300 miles away from Fort Montgomery, New York, where West Point operates a hotel. Compl. at ¶¶ 1, 2. As of the date of this letter, Plaintiff has filed sixty (60) cases in this Court against individuals and businesses in New York under Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq.* (the "**ADA**"). A true and complete compendium of these actions is annexed hereto as Exhibit "A".

This is an exceptional ADA case where the facts undermine Plaintiff's standing and support dismissal of the instant action.

West Point does not own or operate any of the well-known travel reservation websites Plaintiff allegedly accessed on an undisclosed date, *to wit*: (i) https://www.expedia.com; (ii) https://www.hotels.com; (iii) https://www.booking.com; (iv) https://www.priceline.com; (v) https://www.orbitz.com; (vi) https://www.kayak.com; and (vii) https://www.agoda.com (collectively, the "**Websites**"). Compl. at 9.

Even assuming, *arguendo*, Plaintiff owned or operated the Websites, Plaintiff boldly admitted that he had no intention of booking a reservation at West Point's hotel in Fort Montgomery at the time he allegedly accessed the Websites. Plaintiff further admitted that he filed these actions as a "tester", for the ***sole*** purpose of determining whether the Websites comply with a regulation enacted pursuant to the ADA. Compl. at ¶ 2, 10.  Thus, Plaintiff failed to identify that he suffered any particularized or concrete injury as to have constitutional standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (emphasis added) (internal citations and quotations omitted).

There is an additional basis that supports dismissal, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint alleges a violation of a Department of Justice regulation, rather than identifying a statutory provision in the ADA. As such, the Complaint fails to state a claim as 28 C.F.R. § 36.302(e)(1) does not confer a private right of action.

28 C.F.R. § 36.302(e)(1), which provides guidance on the ADA issued by the Department of Justice, states that a public accommodation that allows customers to make reservations must:

> "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;" and

> "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

28 C.F.R. § 36.302(e)(1)(i)-(ii).

This section does not confer a private right of action.

For the reasons set forth more fully below, Plaintiff's Complaint should be dismissed with prejudice.

## II.    Legal Arguments

### A.  The Complaint Should Be Dismissed Pursuant to F.R.C.P. 12(b)(l) for a Lack of Constitutional Standing

To have constitutional standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To survive a motion to dismiss, the complaint must "clearly allege facts demonstrating each element." *Id.* (internal quotation omitted).

The first element, "injury in fact" requires Plaintiff to show "an invasion of a legally protected interest which is (a) ***concrete and particularized*** and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (emphasis added) (internal citations and quotations omitted). Consequently, "a bare procedural violation" of a statute or regulation is insufficient to satisfy the injury-in-fact requirement. *Id.* at 1549.

Here, Plaintiff failed to allege that he suffered any particularized or concrete injury as to have constitutional standing. In his Complaint, Plaintiff boldly admitted that he never had an intention of using the platforms of the Websites – which Defendant neither owns, operates or controls – to book a reservation at West Point's hotel. Compl. at ¶ 10. Plaintiff, as a tester, had no actual interest in staying at West Point's hotel, regardless of whether he could independently

determine that it meets his accessibility needs. Compl. at ¶¶ 2, 10. The result is that Plaintiff alleged to have suffered a non-physical informational injury, which is insufficient to confer constitutional standing. *Compare Hernandez v. Caesars License Co., LLC*, No. CV-19-06090 (RBK-KMW) 2019 WL 4894501, at \*3 (D.N.J. 2019) (granting motion to dismiss Section 36.302(e)(1) claim where plaintiff was not actually interested in booking a hotel); *with Juscinska v. Paper Factory Hotel, LLC*, 18-cv-8201 (ALC) 2019 WL 2343306 (S.D.N.Y. 2019).[1]

**B. Plaintiff's Complaint Fails to State a Claim Pursuant to F.R.C.P 12(b)(6) as There is no Private Right of Action for Violations of 28 C.F.R. §36.302(e)(l)**

Plaintiff's Complaint alleges a violation of a Department of Justice regulation rather than identifying a statutory provision in the ADA. As such, the Complaint fails to state a claim as 28 C.F.R. § 36.302(e)(1) does not confer a private right of action.

Only implementing regulations effectuating a statute's clear prohibitions or requirements are enforceable through the statute's private right of action; regulations that do not encapsulate the statutory right and corresponding remedy are not privately enforceable. *See Abrahams v. MTA Long Island Bus*, 644 F.3d 110, 119 (2d Cir. 2011). The ADA does not require places of public accommodation to specify what features are available to accommodate individuals with disabilities. 28 C.F.R. § 36.302(e)(1) does require a facility to specify such accommodations. As such, the CFR regulation goes beyond what the ADA mandates.

Furthermore, 28 C.F.R. § 36.302(e)(1), lacks the clarity required to impose liability upon places of lodging through a private rights of action. The Department of Justice explained:

> "The Department recognizes that a reservations system **is not intended to be an accessibility survey**. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, **the Department cannot specify** what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower),and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations."

As a consequence, this regulation is not entitled to controlling weight on what constitutes "discrimination" because the regulation is substantively arbitrary. *United States v. Mead Corp.*, 533 U.S. 218, 226, 230 n. 11, 121 S.Ct. 2164, 2171, 2172 n. 11, 150 L.Ed.2d 292 (2001).

---

[1] It should be respectfully noted that the instant case is factually distinguishable from *Juscinska v. Paper Factory Hotel, LLC* because the Plaintiff in the instant action admits that at the time of his alleged access of the Websites he did not have an intention of reserving a room. This is a crucial factual distinction.

For these reasons, West Point respectfully requests that the Court permit the filing of its anticipated Motion to Dismiss.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
420 Lexington Ave., Suite 2525
New York, NY 10170
Tel.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant*

To:     All Counsel of Record (via ECF)