**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
OWEN HARTY, Individually,

                              *Plaintiff*,

     *-against-*

WEST POINT REALTY, INC., A New York Corporation,

                             *Defendant*.
------------------------------------------------------------------------X

Index No.: 7:19-cv-08800

Assigned Judge:
Hon. Vincent L. Briccetti

Mtn. Seq. No. 1

# DEFENDANT WEST POINT REALTY, INC.'S
# MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
# <u>PLAINTIFF'S COMPLAINT</u>

Dated: January 16, 2020
       New York, New York

LEVIN-EPSTEIN & ASSOCIATES, P.C.
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
420 Lexington Ave., Suite 2525
New York, NY 10170
Telephone: (212) 792-0048
*Attorneys for Defendant*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................... 1

**STATEMENT OF FACTS**......................................................................................................... 3

**ARGUMENT**............................................................................................................................... 3

    I.      Plaintiff Lacks Standing Because He Suffered No Injury-In-Fact................................... 3

    II.     Plaintiff Lacks Standing Because He Does Not Intend to Return to the Subject
           Property ........................................................................................................................... 6

    III.    Plaintiff's Complaint Fails to State A Claim as There is no Private Right of Action for
           Violations of 28 C.F.R. §36.302(e)(l).............................................................................. 9

    IV.    Plaintiff's Complaint Fails to State a Claim for Relief under 28 C.F.R. §36.302(e)(l) . 12

      A.    Plaintiff Does Not Allege That He Was Denied Access to a "Place of Public
           Accommodation" Owned, Leased or Operated by West Point....................................... 13

      B.    Plaintiff's Complaint Fails to Allege Sufficient Facts that West Point Controls the
           Third-Party Websites ...................................................................................................... 13

**CONCLUSION** ......................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Abrahams v. MTA Long Island Bus,*
  644 F.3d 110 (2d Cir. 2011) .................................................................................... 10

*Access 4 All, Inc. v. Thirty E. 30th St., LLC,*
  2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. 2006) ........................................................ 7

*Alexander v. Sandoval,*
  532 U.S. 275 (2001) .................................................................................................. 10

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................ 10, 12

*Baker v. Carr,*
  369 U.S. 186 (1962) ................................................................................................... 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................. 12

*Bernstein v. City of N.Y.,*
  621 F. App'x 56 (2d Cir. 2015) ................................................................................. 6

*Camarillo v. Carrols Corp.,*
  518 F.3d 153 (2d Cir. 2008) ................................................................................ 7, 12

*Chaparro v. Carnival Corp.,*
  693 F.3d 1333 (11th Cir. 2012) ................................................................................ 12

*Chen v. Bd. of Immigration Appeals,*
  164 F. Supp. 3d 612 (S.D.N.Y. 2016) ...................................................................... 11

*Christiansburg Garment Co. v. EEOC,*
  434 U.S. 412 (1978) ................................................................................................... 14

*De La Rosa v. Lewis Foods of 42nd St., LLC,*
  124 F. Supp. 3d 290 (S.D.N.Y. 2015) ...................................................................... 10

*Deutsch v. Travis County Shoe Hosp., Inc.,*
  2018 WL 704131 (5th Cir. 2018) ............................................................................... 9

*Dilacio v. New York City Dist. Council of the United Bhd. of Carpenters & Joiners of Am.*,
    593 F. Supp. 2d 571 (S.D.N.Y. 2008) .................................................................................. 10

*Feltzin v. Clocktower Plaza Properties, Ltd.*,
    2018 WL 1221153 (E.D.N.Y. 2018) ..................................................................................... 9

*Hernandez v. Caesars License Co., LLC*,
    2019 WL 4894501 (D.N.J. 2019) ....................................................................................... 5, 6

*Harty v. Greenwich Hospitality Group, LLC*,
    536 Fed. App'x 154 (2d Cir. 2013) ............................................................................... 7, 8, 9

*Hernandez v. Montego Bay Resort and Conference Center*,
    No. CV 19-06091 (D.N.J. 2019) ........................................................................................... 5

*Hirsch v. Campaniello Soho, Inc.*,
    2015 U.S. Dist. LEXIS 18781, (S.D.N.Y. 2015) .............................................................. 7, 8

*James Van Winkle v. Kings Mall Court LLC*,
    2018 WL 679466 (N.D.N.Y. 2018) ...................................................................................... 9

*Kelen v. Nordstrom, Inc.*,
    2016 WL 7373807 (S.D.N.Y. 2016) ..................................................................................... 4

*Kreisler v. Second Ave. Diner Corp.*,
    731 F.3d 184 (2d Cir. 2013) ......................................................................................... 6, 8, 9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................................... 4, 6

*McDermott v. New York Metro LLC*,
    664 F. Supp. 2d 294 (S.D.N.Y. 2009) ................................................................................... 4

*Ross v. AXA Equitable Life Ins. Co.*,
    115 F. Supp. 3d 424 (S.D.N.Y. 2015) ................................................................................... 3

*Simon v. Eastern Kentucky Welfare Right Organization*,
    426 U.S. 26 (1976) ................................................................................................................ 3

*Spokeo v. Robins*,
    136 S. Ct. 1540 (2016) .......................................................................................................... 4

*Warth v. Seldin*,
 422 U.S. 490 (1975) .................................................................................................... 4

**<u>Statutes</u>**

28 C.F.R. § 36.302(e) ............................................................................................................. 2

42 U.S.C. § 12205 ................................................................................................................ 14

**<u>Other Authorities</u>**

*Nondiscrimination on the Basis of Disability in State and Local Government Services*, Final
 Rules, 75 Fed. Reg. 56,274 (Sept. 15, 2010) ....................................................... 11

Defendant West Point Realty, Inc. ("**West Point**", or the "**Defendant**"), by and through the undersigned counsel, respectfully submits this Memorandum of Law together with the supporting declaration of Jason Mizrahi, Esq. (the "**Mizrahi Decl**.") and the exhibits annexed thereto, in support of Defendant's motion to dismiss the complaint dated September 23, 2019 (the "**Complaint**") of Plaintiff Owen Harty ("**Plaintiff**"), with prejudice, and as grounds thereto respectfully states as follows:

## PRELIMINARY STATEMENT

Plaintiff Owen Harty (the "**Plaintiff**") is a serial ADA litigant who resides in Florida, almost 1,300 miles away from Fort Montgomery, New York, where West Point operates a hotel. Compl. at ¶¶ 1, 2. As of the date of this filing, Plaintiff has filed eleven (11), virtually identical, complaints in this District, including the Complaint in the instant action. All of the complaints allege that various New York tourist destinations have violated Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq*. (the "**ADA**"). A true and complete compendium of these actions is annexed to the Mizrahi Decl. as Exhibit "A".

This is an exceptional ADA case where the facts undermine Plaintiff's standing and support dismissal of the instant action.

West Point does not own or operate any of the well-known travel reservation websites Plaintiff allegedly accessed on an undisclosed date, *to wit*: (i) https://www.expedia.com; (ii) https://www.hotels.com; (iii) https://www.booking.com; (iv) https://www.priceline.com; (v) https://www.orbitz.com; (vi) https://www.kayak.com; and (vii) https://www.agoda.com (collectively, the "**Websites**"). Compl. at ¶ 9.

Even assuming, *arguendo*, Plaintiff owned or operated the Websites (which it does not), Plaintiff boldly admitted that he had no intention of booking a reservation at West Point's hotel in

1

Fort Montgomery at the time he allegedly accessed the Websites. Plaintiff further admitted that he filed these actions as a "tester", for the *sole* purpose of determining whether the Websites comply with a regulation enacted pursuant to the ADA. Compl. at ¶ 2, 10.  Thus, Plaintiff does not have constitutional standing because he failed to identify that he suffered any particularized or concrete injury. Separately, Plaintiff's vague and conclusory allegations that he may one day revisit the Websites fails to establish a "reasonable inference" of a genuine intent to return – a prerequisite for standing under Title III actions. As a result, the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1).

There is an additional basis that supports dismissal, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint alleges a violation of a Department of Justice regulation, rather than identifying a statutory provision in the ADA. As such, the Complaint fails to state a claim as 28 C.F.R. § 36.302(e)(1) does not confer a private right of action.

28 C.F.R. § 36.302(e)(1), which provides guidance on the ADA issued by the Department of Justice, states that a public accommodation that allows customers to make reservations must:

> "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;" and

> "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

28 C.F.R. § 36.302(e)(1)(i)-(ii).

This section does not confer a private right of action.

Lastly, Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to allege sufficient facts that West Point controls the well-known third-party Websites at-issue.

2

For the reasons set forth more fully below, Plaintiff's Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

West Point Realty, Inc. is the operator of the Holiday Inn Express West Point, located at 1106 Route 9 W Fort Montgomery, NY 10922 (the "**Hotel**").

Plaintiff states that he is "unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair." *See* Compl. at ¶ 2. Plaintiff claims that he attempted to make a reservation on the websites located at: (i) https://www.expedia.com; (ii) https://www.hotels.com; (iii) https://www.booking.com; (iv) https://www.priceline.com; (v) https://www.orbitz.com; (vi) https://www.kayak.com; and (vii) https://www.agoda.com for the purpose of testing the Websites for compliance with 28 C.F.R. § 36.302(e). *Id. at* ¶¶ 9, 10. Plaintiff alleges that "Defendant failed to comply with the requirements set forth in [Section 36.302]." *Id* at ¶ 10. Plaintiff does not specify how Defendant failed to comply or exactly what barriers he faced when visiting the Websites. *Id*. On September 23, 2019 Plaintiff filed the Complaint as a "tester", for the ***sole*** purpose of determining whether the Websites comply with 28 C.F.R. § 36.302(e). Compl. at ¶ 2, 10.

## ARGUMENT

### I. Plaintiff Lacks Standing Because He Suffered No Injury-In-Fact

Standing is an integral part of the constitutional limitation that federal courts can hear only cases or controversies pursuant to Article III of the United States Constitution. *See Simon v. Eastern Kentucky Welfare Right Organization*, 426 U.S. 26, 41-42 (1976). Absent Article III standing, a federal court "lacks subject matter jurisdiction to hear the case and it must be dismissed." *Ross v. AXA Equitable Life Ins. Co*., 115 F. Supp. 3d 424, 432 (S.D.N.Y. 2015).

"[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 489-90 (1975), (*quoting Baker v. Carr*, 369 U.S. 186, 204 (1962). A plaintiff bears the burden of meeting the "irreducible constitutional minimum of standing" by proving these three elements:

> First, the plaintiff **must have** suffered an injury in fact - an invasion of a legally protected interest which is (a) **concrete and particularized** and (b) **actual or imminent**, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations, and citations omitted), (emphasis added). Of the three required elements of constitutional standing, "the injury-in-fact element is often determinative." *McDermott v. New York Metro LLC*, 664 F. Supp. 2d 294 (S.D.N.Y. 2009). The injury in fact "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560. In *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), the Supreme Court re-emphasized that the cornerstone of constitutional standing is that a plaintiff must suffer a "concrete and particularized" injury; that is, "must actually exist" in the sense of being "'real,' and not 'abstract.'" *Id* at 1548. (citations omitted).

Federal courts have made it clear that a statutory violation does not equate to a concrete injury. A plaintiff, such as Harty, cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III" *Spokeo*, 136 S. Ct. at 1549; *see also Kelen v. Nordstrom, Inc.*, 2016 WL 7373807, at *4 (S.D.N.Y. 2016) (dismissing action because "plaintiff cannot demonstrate that she has suffered a concrete injury by alleging a statutory

4

violation alone."). In other words, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549.

For these reasons, three Third Circuit Courts have recently dismissed complaints alleging statutory violations of 28 C.F.R. §36.302(e)(l) where the plaintiff did not allege that he was actually harmed. First, in *Hernandez v. Caesars License Co., LLC*, the Third Circuit determined that the plaintiff, a "tester" who filed his lawsuit to "determine whether the [defendant's] websites are in compliance with the ADA's requirement under 28 C.F.R. § 36.302(e)(1)" lacked subject-matter jurisdiction to reach the merits of the dispute in light of the plaintiff's failure to show he suffered a concrete injury-in-fact. 2019 WL 4894501, at *3 (D.N.J. 2019). Second, in *Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City,* the Court granted a motion to dismiss where plaintiff's complaint did not allege he contemplated patronizing defendant's hotel when he accessed their websites, and plead that he was solely motivated to test website compliance with ADA regulations. 2019 WL 4894501 (D.N.J. 2019). Third, in *Hernandez v. Montego Bay Resort and Conference Center* No. CV 19-06091 (D.N.J. 2019), the same plaintiff voluntarily dismissed his complaint, with prejudice, after the Court raised the same issue of plaintiff's Article III standing, *sua sponte*, via order to show cause.

This Court should reach the same result here. Plaintiff has not alleged any specific injury, much less one that is "concrete and particularized." The operative facts here are identical to the Third Circuit cases. In each case: (a) the plaintiff never actually considered staying at the defendant's hotel when he had accessed the website; and (b) the plaintiff boldly admitted that, as a tester, his motivation was limited to testing the websites for compliance. *See* Compl. at ¶¶ 2, 10.

Here, Plaintiff's threadbare allegations are identical to those claimed by the plaintiff in the three *Hernandez* cases, which the District Court all summarily dismissed. *Compare* Compl. at ¶

13 *with Harrah's Resort Atlantic City, supra* Dckt. No. 11 [Complaint] at ¶ 38, *Caesars License Co., LLC, supra* Dckt. No. 11 [Amended Complaint] at ¶ 38, *and Montego Bay, supra* Dckt. No. 1 [Complaint] at ¶ 40. Plaintiff merely claims that he "suffered and continues to suffer frustration and humiliation as a result of the discriminatory conditions present at the defendant's website." *See* Compl. at ¶ 13. This assertion, along with the one following, "[p]laintiff suffers and will continue to suffer direct and indirect injury…" do not amount to the actual, concrete harm required and therefore cannot meet the constitutional standing requirement as set forth in *Lujan*, *supra* at 4.

## II. Plaintiff Lacks Standing Because He Does Not Intend to Return to the Subject Property

The requirements of Title III standing for a private plaintiff are: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer…that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013). Plaintiff's Complaint must be dismissed for failure to satisfy the first and third threshold requirements of bringing an action under Title III of the ADA.

In addition to the reasons discussed above, namely, his failure to plead concrete injury under the ADA, Plaintiff also does not establish the third element of standing because there is no reasonable inference to be drawn from the Complaint that Plaintiff intends to return to Defendant's property.

In determining whether a plaintiff has raised such an inference, the Second Circuit has instructed that courts should consider a variety of factors, including the proximity of the defendant's services to the plaintiffs home, the frequency of the plaintiff's past visits to defendant's public accommodation, plaintiff's occupation and plaintiff's demonstrated travel habits. *See Bernstein v. City of N.Y.*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler*, 731 F.3d

6

at 187-88, and *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). Additionally, "in the context of hotels and inns, a plaintiff must plead facts that tend to show an intent to return to the area where the hotel is located for the specific purpose of an overnight stay." *Hirsch v. Campaniello Soho, Inc.*, 2015 U.S. Dist. LEXIS 18781, at *8-9 (S.D.N.Y. 2015) (citing *Harty v. Greenwich Hospitality Group, LLC*, 536 Fed. App'x 154 (2d Cir. 2013)).

The district court's analysis of the individual plaintiff's standing in *Access 4 All, Inc. v. Thirty E. 30th St., LLC*, is instructive to the Court's analysis here. In that case, a resident of New York sued the owners of the Thirty-Thirty Hotel located on East 30th Street in Manhattan, claiming that he was unable to spend a night in the hotel because it was inaccessible in violation of Title III. 2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. 2006). The court found that the plaintiff failed to establish the requisite "reasonable inference" of an intent to return, even when the court considered an affidavit submitted by plaintiff in opposition to the motion to dismiss. The court also considered the following factors as part of its standing analysis:

- that plaintiff "[did] not suggest that he ever previously stayed at the Hotel, patronized the restaurant there, used any of the Hotel's facilities for any reason, or stayed at any other hotel affiliated with the Hotel or under common management," *id*. at *27;

- that plaintiff "provided no indication of any specific plans or events that would lead him back to the Hotel, *id*. at *28;

- that plaintiff "presented no evidence as to why, should he need to stay at a New York City hotel, he would choose the particular hotel at issue in this case, over any of the numerous other hotels available to him," *id.*;

- that plaintiff "offered no explanation here as to why Defendant's Hotel was particularly well-appointed, well-located, or otherwise desirable or convenient for him," *id*. at *29; and,

- that plaintiff's "generalized assertions as to his intention to return to the Hotel in order to enjoy its facilities and services are rendered less plausible by the simple fact that he has served as a named plaintiff in so many similar ADA cases" *id*. at *33.

7

The Second Circuit's decision in *Harty v. Greenwich Hospitality Group, LLC*, is instructive. In *Harty* – a lawsuit filed by the ***same serial litigant plaintiff*** – the Florida-domiciled "tester" alleged that he was denied access to a hotel in Stamford, Connecticut in violation of Title III. *See Harty*, 536 Fed. App'x at 155. The Second Circuit found that Plaintiff, who alleged that he only stayed in the vicinity of the hotel for one night in the past thirty years, despite taking numerous trips to the surrounding area, did not "adequately…demonstrate a basis for inferring that [plaintiff would] return to Stamford, Connecticut for an overnight stay." *Id*. The Second Circuit further found that Harty, an ADA tester, did not offer any evidence of a "concrete plan" to stay overnight at the hotel in the future or allege that he would return to the hotel if the alleged violation was remedied. *Harty*, 536 Fed. App'x at 155. *See also Hirsch*, 2015 U.S. Dist. LEXIS 18781 at *11 (plaintiff's conclusory allegation that he wishes to return to defendant's location does not establish a plausible intention to return) (citing *Kreisler*, 731 F. 3d at 188). Accordingly, the Second Circuit found that the plaintiff did not have standing to pursue his ADA claims against the hotel. In so holding, the Second Circuit also discredited the plaintiff's allegations that he "visits public accommodations as an ADA "tester." *Harty*, 536 Fed. App'x at 155.

Here, Plaintiff complains that he was unable to make a reservation at the Websites for a room at the Hotel located almost 1,300 miles away from his Florida residence in Fort Montgomery, New York. Plaintiff does not allege that he has ever stayed overnight at the Hotel, or at any hotels in Fort Montgomery. Plaintiff offers no explanation for why he wanted to stay at the Hotel or in Fort Montgomery. He further provides no allegations regarding a genuine intent to stay at the Hotel in the future. As the record now stands, there is no more than a vague "some day" intention to return at an unspecified time in the future, with no history of ever having been to the Hotel. Compl. at ¶ 11; *See Feltzin v. Clocktower Plaza Properties, Ltd*., 2018 WL 1221153, at *6 (E.D.N.Y.

8

2018) (*citing Deutsch v. Travis County Shoe Hosp., Inc*., 2018 WL 704131, at *3 (5th Cir. 2018) (affirming the relevant part of the district court's dismissal of an ADA Title III action and explaining that the plaintiff "has not provided a description of any concrete plans to return to Travis County Shoe..."); *James Van Winkle v. Kings Mall Court LLC* 2018 WL 679466, at * 2 (N.D.N.Y. 2018) (citing *Harty*, 536 Fed.Appx. at 155) ("Given [plaintiff's] relative remoteness from Kings Mall, failure to plead the frequency with which he visited Kings Mall, and mere speculation about some day returning to Kings Mall, it is unreasonable to infer that [plaintiff] intends to return to the subject location.") Plaintiff's status as a serial Title III litigant also suggests that he has no true intent to visit the hotel in the future. Telling, Plaintiff filed eleven (11) virtually identical lawsuits in this District against similar businesses, in which he asserts the very same allegations he makes here. *See* Mizrahi Decl., Ex. A. He is also a self-proclaimed "tester", who admits to filing this action for the *sole purpose* of testing compliance. Compl. at ¶ 2, 10. It is simply unreasonable for this Court to infer that Plaintiff will return to the Hotel.

As such, Plaintiff has failed to meet the requirements for standing pursuant to *Kreisler* for any of his claims, and Defendant's Motion to Dismiss pursuant to FRCP 12(b)(1) should be granted.

### III. Plaintiff's Complaint Fails to State A Claim as There is no Private Right of Action for Violations of 28 C.F.R. §36.302(e)(l)

Plaintiff's Complaint alleges a violation of a Department of Justice regulation rather than identifying a statutory provision in the ADA. *See* Compl. at ¶¶ 7-8. As such, the Complaint fails to state a claim as 28 C.F.R. § 36.302(e)(1) does not confer a private right of action.

In considering a motion to dismiss under FRCP 12(b)(6), courts "must accept as true all well-pleaded factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor." *Dilacio v. New York City Dist. Council of the United Bhd. of Carpenters &*

9

*Joiners of Am.,* 593 F. Supp. 2d 571, 575 (S.D.N.Y. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that sets forth legal conclusions is "not entitled to the assumption of truth." *Id*. A Court should disregard the legal conclusions contained in a Complaint in determining whether the Complaint states a claim upon which relief can be granted. *Dilacio*, *supra* (S.D.N.Y. 2008).

Not every regulation promulgated under the ADA carries with it a private right of action. *See De La Rosa v. Lewis Foods of 42nd St., LLC,* 124 F. Supp. 3d 290, 297 (S.D.N.Y. 2015) ("a failure to comply with 28 C.F.R. § 36.406(a)(5) does not constitute discrimination under the ADA, and therefore it would not serve as a basis for plaintiff's…discrimination claims.") (citations omitted); *Abrahams v. MTA Long Island Bus,* 644 F.3d 110, 112 (2d Cir. 2011) (finding that ADA regulation 49 C.F.R. § 37.137(c) was not enforceable through the ADA's private right of action because the obligations are not imposed by the ADA). Only implementing regulations effectuating a statute's clear prohibitions or requirements are enforceable through the statute's private right of action; regulations that do not encapsulate the statutory right and corresponding remedy are not privately enforceable. *See id*. "[T]he dispositive question is whether the regulation either forbids conduct that the statute allows or imposes an obligation beyond what the statute mandates. If that question produces an affirmative answer, the regulation is not privately enforceable." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).

Title III of the ADA does not require places of public accommodation to provide detailed information about their handicap accessible features, but that is precisely what 28 C.P.R. § 36.302(e)(l)(ii) requires, and is the factual predicate for Plaintiff's Complaint. *See* Compl. at ¶¶ 7-8. As such, the regulation at issue precisely imposes an obligation beyond what the ADA mandates.

10

Furthermore, 28 C.F.R. § 36.302(e)(1), lacks the clarity required to impose liability upon places of lodging through a private rights of action. The Final Rules promulgating Section 36.302 recognized that "the information and level of detail needed will vary based on the nature and age of the facility."

The Department of Justice explained:

> The Department recognizes that a reservations system **is not intended to be an accessibility survey**. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, **the Department cannot specify** what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower),and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

*Nondiscrimination on the Basis of Disability in State and Local Government Services*, Final Rules, 75 Fed. Reg. 56,274 (Sept. 15, 2010) (to be codified at 28 C.F.R. pt. 36) ("**Final Rules**").

The regulation clearly lacks the clarity required to impose liability upon places of lodging through a private rights of action. See Final Rules, 75 Fed. Reg. 56,274, (explaining that "it may be sufficient" to provide certain information). As a consequence, this regulation is not entitled to controlling weight on what constitutes "discrimination" because the regulation is substantively arbitrary. *Chen v. Bd. of Immigration Appeals,* 164 F. Supp. 3d 612, 613 (S.D.N.Y. 2016).

Finally, the Department of Justice did not even intend to regulate websites through the issuance of the relevant Final Rules. It expressly excluded websites from its scope, stating, "The Department did not issue proposed regulations as part of its [Notice of Proposed Rulemaking], and thus is unable to issue specific regulatory language on Web site accessibility at this time." *See* Final Rules, 75 Fed. Reg. 56,316; *see also*, 75 Fed. Reg. 56,240 ("The Department intends to

11

engage in additional rulemaking in the near future addressing…accessibility of Web sites operated by covered public entities and public accommodations.").

Therefore, neither Congress nor the Department of Justice intended to subject places of lodging to private rights of action for the alleged noncompliance with 28 C.F.R.§36.302(e)(l)(ii), and Plaintiff's Complaint should accordingly be dismissed in its entirety.

### IV. Plaintiff's Complaint Fails to State a Claim for Relief under 28 C.F.R. §36.302(e)(l)

"To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, *supra*. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

Assuming arguendo that 28 C.F.R. §36.302(e)(l) does confer a private right of action under Title III of the ADA (which it does not), Plaintiff's Complaint still fails to state a claim for relief. To state a claim of disability discrimination under Title III, a plaintiff must allege: (1) that he is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a "place of public accommodation" as defined by Title III; and (3) that the defendant discriminated against him by denying him "a full and equal opportunity" to enjoy the goods and services provided by the defendant in its "place of public accommodation." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

For the purposes of this motion, West Point will concede that Plaintiff's allegation that he is "bound to ambulate in a wheelchair" satisfies the first element of a Title III claim. However, the

12

Court should dismiss Plaintiff's Complaint for failure to plead the second or third elements of a Title III claim because Plaintiff does not sufficiently allege that he was denied access to a "place of public accommodation" owned, leased or operated by West Point.

### A. Plaintiff Does Not Allege That He Was Denied Access to a "Place of Public Accommodation" Owned, Leased or Operated by West Point

As a threshold matter, the only "place of public accommodation" that Plaintiff specifically identifies in his Complaint is the Holiday Inn Express West Point. *See* Compl. at ¶¶ 3, 24. However, Plaintiff does not allege that he was denied access to the Holiday Inn Express West Point. Although the crux of his Complaint pertains to the alleged "inaccessibility" of the Websites, Plaintiff never actually alleges that the Websites are a "place of public accommodation" under the law. Accordingly, Plaintiff fails to allege that he was denied a "full and equal opportunity" to enjoy the goods and services offered by West Point at the only "place of public accommodation" identified in the Complaint, *i.e.*, the Hotel.

### B. Plaintiff's Complaint Fails to Allege Sufficient Facts that West Point Controls the Third-Party Websites

"To operate a place of public accommodation means to exercise control over the alleged discriminatory action and to have the authority to take remedial measures." *Neff v. American Dairy Queen Corp.*, 58 F. 3d 1063, 1067 (5th Cir. 1996) (explaining that the relevant inquiry is whether defendant…"controls modification of the San Antonio Stores to cause them to comply with the ADA."); *Lemmons v. Ace Hardware Corp.*, 2014 WL 3107842, at *7 (N.D. Cal. 2014) ("Lemmons points to no evidence to show that Ace retained the authority under the agreement to dictate the physical layout of the store, or that [it] otherwise participated in the alleged acts of discrimination against Plaintiff. In the absence of such evidence, the Court cannot conclude that Ace had control over the store such that it could ensure nondiscrimination against the disabled.").

13

Plaintiff alleges that West Point, either itself or by and through a third party, "implemented, operates, controls and or maintains" the Websites found on (i) https://www.expedia.com; (ii) https://www.hotels.com; (iii) https://www.booking.com; (iv) https://www.priceline.com; (v) https://www.orbitz.com; (vi) https://www.kayak.com; and (vii) https://www.agoda.com. Compl. at ¶ 9. However, no facts are alleged which support Plaintiff's allegation how West Point "implemented", "operates", "controls" or "maintains" the Websites. This conclusory statement is speculative and not supported by any fact. Specifically, Plaintiff fails to allege facts to support the contention that West Point has authority to control these third-party booking websites or to have the authority to take remedial measures. In addition, Plaintiff fails to allege facts to support the contention that the Websites fail to comply with 28 C.F.R. § 36.302(e)(1). The Complaint merely concludes that "Defendant failed to comply with the requirements set forth in [Section 36.302]." *See id*. at ¶ 10.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Defendant's motion to dismiss Plaintiff's Complaints pursuant to Fed. Rule of Civil Procedure 12(b)(l) and 12(b)(6) be granted, with prejudice.

Dated: January 16, 2020
       New York, New York

By:   /s/ *Jason Mizrahi*
      Levin-Epstein & Associates, P.C.
      Joshua D. Levin-Epstein
      Jason Mizrahi, Esq.
      420 Lexington Avenue, Suite 2525
      New York, New York 10170
      Telephone: (212) 792-0048
      Email: Jason@levinepstein.com
      *Attorneys for Defendant*

Cc:   All parties via ECF